UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELIJAH I. ABDULLAH,              ) | |
|                                  ) | |
|         Petitioner,    ) | |
| vs.                              ) | Case No. 1:15-cv-01781-WTL-DML |
|                                  ) | |
| DIRECTOR, Serenity Hall Work Release Program, ) | |
|                                  ) | |
|         Respondent.    ) | |

**Entry Discussing Petition for a Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Elijah Abdullah for a writ of habeas corpus must be **denied** and the action dismissed without prejudice. In addition, the court finds that the certificate of appealability should not issue**.**

**I.**

"A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Thus, "federal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015)(quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)).

Elijah Abdullah was convicted in an Indiana state court and sentenced to a period of imprisonment. A previous effort to secure habeas corpus relief was docketed as No. 1:14-cv-01449-

WTL-MJD was dismissed as barred by the statute of limitations. He again seeks habeas corpus relief in this case, contending that he has fully served his sentence and that the Indiana Department of Correction refuses to discharge him from its custody.

Abdullah's habeas petition does not indicate that he has presented this challenge through an action for post-conviction relief. Instead, he has come directly to federal court with the present habeas petition. Abdullah was notified of the exhaustion requirement of the federal habeas statute and was given through December 18, 2015 in which to either file a notice of dismissal or show cause why the action should not be dismissed without prejudice based on his failure to exhaust available remedies in the Indiana state courts. Instead of taking one of these steps Abdullah filed a *motion for direct review and immediate release from an unlawful restraint/confinement with time served* on November 30, 2015.

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id*.

The inquiry in this case centers on exhaustion. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §2254(b)(1), thereby giving the State the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004)(internal quotations and citations omitted). The exhaustion doctrine is based on the policy of federal-state comity and is intended to allow state

courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner,* 404 U.S. 270, 275 (1971). The exhaustion requirement is satisfied once a petitioner fairly presents his claims to each level of the state-court system for those courts' review. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999).

Under Indiana law, "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief." *Ind. Post-Conviction Rule* 1(1)(a)(5). This procedure provides Abdullah with a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985). Abdullah has not followed this path prior to filing his petition for writ of habeas corpus.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing Abdullah to continue his challenge in the Indiana courts, if he elects to do so. So shall it be, and judgment consistent with this Entry shall now issue. The dismissal of the action shall be **without prejudice**. The *motion for direct review and immediate release, etc.* [dkt 5] is **denied** because it simply restates the grounds on which habeas corpus relief is sought.

According to the Department of Correction website, Abdullah is now confined at the Putnamville Correctional Facility. *His current address*, as shown in the distribution portion of this Entry, *shall be updated on the docket*.

## II.

Judgment consistent with this Entry shall now issue.

## III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing* *§ 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Abdullah has failed to show that reasonable jurists would find it "debatable whether [the court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 1/5/16

Distribution:

ELIJAH I. ABDULLAH
985094
Putnamville Correctional Facility
1946 West US Highway 40
Greencastle, IN    46135